IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVID WILLIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**NAVICENT HEALTH INC**, d/b/a ATRIUM HEALTH NAVICENT**,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:24-cv-00404-TES** |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff David Willis filed this action on November 11, 2024, alleging violations of the Americans with Disabilities Act,[1] 42 U.S.C. § 12101. [Doc. 1]. Plaintiff then filed his Amended Complaint [Doc. 13], which rendered moot Defendant Navicent's original Motion to Dismiss [Doc. 6]. This is Navicent's renewed Motion to Dismiss [Doc. 14], wherein it asks the Court to dismiss Plaintiff's claims against it based on Federal Rule of Civil Procedure 12(b)(6).

### FACTUAL BACKGROUND

Plaintiff—a P.O.S.T. certified law enforcement officer—began working as a police officer at Navicent in 2019. [Doc. 13, ¶ 14]. On October 12, 2021, during the execution of

---

[1] Congress amended the ADA in 2008 via the ADA Amendments Act of 2008 (the "ADAAA"). Any reference to the ADA in this opinion is to the Act as amended by the ADAAA. *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1267 (11th Cir. 2014).

an arrest warrant at Navicent, the "subject became combative and engaged in a physical altercation and struggle with Willis over a taser." [*Id.* at ¶¶ 15, 18]. During that interaction, Plaintiff injured his shoulder, requiring treatment by an orthopedist. [*Id.* at ¶¶ 19-20]. Ultimately, providers diagnosed Plaintiff with "massive right shoulder rotator cuff tear with retraction and a biceps subluxation."[2] [*Id.* at ¶ 21].

Plaintiff continued to work in the police officer position, with some assistance from his partner, until February 2022. [*Id.* at ¶ 22]. Then, Plaintiff underwent an "arthroscopic debridement." [*Id.* at ¶ 23]. After returning to work, Navicent accommodated Plaintiff's work restrictions, and "he continued to be able to perform the essential functions of the [p]olice [o]fficer position." [*Id.* at ¶ 25]. Navicent placed Plaintiff in a "trainer" administrative role, with some of the same duties as he performed before his injury. [*Id.* at ¶ 38]. After a few months in that role, Navicent shifted Plaintiff's role again to be a greeter at the hospital entrance. [*Id.* at ¶ 39]. In August 2022, Plaintiff received a functional capacity evaluation ("FCE"). [*Id.* at ¶ 29]. The FCE stated Plaintiff "was 'not qualified for regular duty job' and identified 'special considerations' as 'no overhead work with the right arm'." [*Id.* at ¶ 30].

Following the FCE, Navicent told Plaintiff "that the only accommodated

---

[2] Following the surgery, Plaintiff's "injury prevent[ed] him from having full range of motion in his dominant arm; and it impact[ed] his ability to lift from the floor, lift overhead with his right arm, lift overhead with both arms, carry weight with his right arm, carry weight with both arms, crawl, climb ladders, push, and pull." [Doc. 13, ¶ 27].

position that would be offered to him was a night-shift Dispatch position at a lower rate of pay." [*Id.* at ¶ 40]. However, Plaintiff alleges that he could not accept the position due to a requirement that the dispatcher be trained in GCIC/NCIC databases. [*Id.* at ¶¶ 43–45]. Eventually, Navicent—through Chief of Police Jesse Crowder—gave Plaintiff three options: (1) resign; (2) accept the night-shift dispatch position at a lower rate of pay; or (3) be involuntarily "administratively resigned." [*Id.* at ¶ 46]. On September 15, 2023, Navicent terminated Plaintiff's employment. [*Id.* at ¶ 52]. Navicent gave Plaintiff a separation notice that listed the reason for separation as "Voluntary/Personal." [*Id.*].

Plaintiff now brings two claims against Navicent. In count I, Plaintiff alleges disparate treatment under the ADA. [*Id.* at ¶ 57]. And, in count II, Plaintiff contends Navicent failed to accommodate him in violation of the ADA. [*Id.* at ¶ 64]. In its Motion to Dismiss, Navicent argues that Plaintiff "is not a qualified individual under the ADA because he was, as a matter of law, unable to perform the essential functions of the Police Officer job for which he was hired." [Doc. 14-1, p. 2].[3]

---

[3] As an initial matter, Navicent attached several exhibits to its Motion. Navicent argues the Court may consider the documents at this stage—without converting the Motion to a summary-judgment motion—because they are central to Plaintiff's claims and undisputed. [Doc. 14-1, p. 5 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002))]. Plaintiff does not clearly dispute the authenticity of the documents, or that they are central to his claims. [Doc. 15, pp. 4–5]. Instead, Plaintiff simply reminds the Court that "a court cannot consider facts outside of the pleadings to resolve factual disputes on a motion to dismiss, especially where doing so would decide the merits and deprive the plaintiff of the opportunity to develop evidence." [*Id.* at p. 4]. But, that doesn't quite address the situation at hand.

In the end, the Court finds the documents to be central to Plaintiff's claims and undisputed. Therefore, the Court will consider the documents for purposes of this Motion. *See also Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678

5

(quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## **DISCUSSION**

"To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). An employer unlawfully discriminates against a disabled employee when it fails to provide reasonable accommodations for known physical or mental limitations unless the accommodation would impose an undue hardship on the employer's business. *Id.* at 1262 (citing 42 U.S.C. § 12112(b)(5)(A)).

A qualified individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Holly*, 492 F.3d at 1256. "A reasonable accommodation is a modification or adjustment that enables a qualified individual to perform the essential functions of a position." *Gordon v. Bibb Cnty. Sch. Dist.*, No. 22-13286, 2023 WL 8253881, at *2 (11th Cir. Nov. 29, 2023). "An accommodation must be reasonable in the ordinary sense of the word, considering its feasibility and fairness to other employees, not merely its effectiveness." *Id.*

Here, Navicent argues that Plaintiff's Amended Complaint should be dismissed

because, in its view, Plaintiff cannot—as a matter of law—establish that he is a qualified individual able to perform the essential functions of the job. [Doc. 14-1, p. 6]. But, "[d]etermining whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001). And, an employer's written job description is evidence—although not necessarily dispositive proof—of the essential functions. *Id.*; *see also* 29 C.F.R. § 1630.2 (listing criteria used to evaluate the essential functions of a job).

Navicent insists that because Plaintiff cannot establish that he is a qualified individual, he cannot make out a prima facie case, and the Court should dismiss his claim at the pleadings stage. But, it is well-settled that a plaintiff "need not plead a prima facie case of discrimination[.]" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). That's because the prima facie case is an *evidentiary standard*, not a *pleading requirement*. *Booth v. GTE Fed. Credit Union*, No. 8:21-CV-1509-KKM-JSS, 2021 WL 5416690, at *3 (M.D. Fla. Nov. 20, 2021).

To be sure, most (if not all) courts addressing the qualified individual/essential-functions questions deal with them at the summary-judgment stage. And, Navicent's cited authority proves that point. *See, e.g.*, *McCollough v. Atlanta Beverage Co.*, 929 F. Supp. 1489, 1493 (N.D. Ga. 1996) (summary judgment); *McKane v. UBS Fin. Servs., Inc.*, 363 F. App'x 679 (11th Cir. 2010) (same); *Allen v. Ga. Power Co.*, 980 F. Supp. 470 (N.D. Ga. 1997) (same); *Mott v. Synthetic Indus.*, No. CIV.A.4:94-CV-248RLV, 1995 WL 584734,

at *1 (N.D. Ga. Aug. 9, 1995) (same); *Milliner v. Dougherty Cnty. Ga.*, No. 1:15-CV-162 (WLS), 2017 WL 5236107, at *1 (M.D. Ga. Mar. 16, 2017) (same); *Agee v. Mercedes-Benz U.S. Int'l, Inc.*, 646 F. App'x 870 (11th Cir. 2016) (same); *Spears v. Creel*, 607 F. App'x 943 (11th Cir. 2015) (same); *Willis v. Conopco, Inc.*, 108 F.3d 282 (11th Cir. 1997) (same); *Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343 (N.D. Ga. 2014) (same). It's just too soon, and the record is too light, to make such a sweeping determination as to the exact essential functions of a Navicent police officer.

Likewise, Navicent argues that "Even if [Plaintiff] is correct—that he was not qualified for the dispatcher role—then there was simply no available vacant position for him to fill at the time of his separation."[4] [Doc. 16, pp. 4–5]. However, there is no evidence of openings in related jobs or the lack thereof in the record. Instead, Navicent asks the Court to take its word for it on briefing at the Rule 12(b)(6) stage. But, that just isn't how Rule 12(b)(6) works.

## CONCLUSION

In the end, Plaintiff's Amended Complaint alleges that he remained able to "perform the essential functions of his Police Officer position or one of the other

---

[4] Navicent also faults Plaintiff for not showing "that he could perform the essential functions of his role as a police officer," which means, according to Navicent, "he cannot establish a prima facie case of disability discrimination." [Doc. 16, p. 4]. Not to beat a dead horse, but Plaintiff hasn't had the chance to show that he could still perform the essential functions of his role because there hasn't been discovery—or the occasion to put such evidence before the Court through, *e.g.*, a summary-judgment motion or response.

available accommodated positions."[5] [Doc. 13, ¶ 68]. And, Plaintiff plead facts showing Navicent saw fit to continue employing Plaintiff for over a year in adapted positions. [*Id.* at ¶ 66]. Obviously, that does not prove Plaintiff's case. And, fully developed evidence may ultimately prove Navicent's contention that Plaintiff cannot perform the essential functions of the police officer role. Put simply, that is a question for a later day with a more complete record. Until that day comes, Navicent's Motion to Dismiss [Doc. 14] is **DENIED**.

    **SO ORDERED**, this 10th day of April, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] It's also unclear if all Navicent police officers are required to meet each element of the posted job description, or if there are other available positions with lighter loads. Once again, a glaring need for discovery.