IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| V. ) | 5:24-CV-00404-TES |
| ) | |
| NAVICENT HEALTH, INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

SO ORDERED that:

Pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, the Court's inherent authority, and the agreement of Plaintiff David Willis and Defendant Navicent Health, Inc. (collectively, the "Parties"), this Order sets forth the procedure for the handling of documents, things, depositions and deposition exhibits, written discovery responses, testimony, portion(s) of any of these things, and any other information produced, given, or exchanged between any party to this case and any other party or non-parties in the above-referenced action, including the production of a Document, or part of a Document, containing privileged or confidential information in this Action. The Parties agree to avoid waiver of privilege or work product protections through the maximum protections afforded by Federal Rule of Evidence 502(d).

The production of Documents subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity shall not constitute, in this or in any other federal or state proceeding, a waiver of any such privilege, doctrine, or immunity as to the Document, or any portion of the Document, or any information contained in the Document. Nothing in this Order

1

shall constitute an admission that any Document disclosed in the Action is subject to any privilege or protection, or that any party is entitled to raise or assert such privileges or protections. Additionally, nothing in this Order shall prohibit the Parties from withholding from production any Document covered by any applicable privilege or other protection.

## I. DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B), including portions of such items.

2. "Document(s) produced," as used herein, includes all Documents made available for review or produced in any manner during the Action.

3. "Document Vendor" means any third party vendor retained by one or more Parties to store and/or maintain (1) common Documents, exhibits, and/or deposition transcripts, or (2) certain plaintiff personal information. It does not mean a third party vendor retained by a single party to store or manage that party's Documents, exhibits, deposition transcripts, and/or other information, to be accessed solely by that party.

4. "Privilege" or "privileged" means subject to the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), governmental privileges, or any other applicable privilege or protection.

5. "Producing Party" means the party producing Documents.

6. "Receiving Party" or "Receiving Parties" means any party that is in receipt of another party's Documents.

## II.     PROCEDURES FOR PRIVILEGED MATERIAL

The procedures applicable to a claim of privilege with respect to a produced Document, and the resolution thereof, shall be as follows:

1.     When a Receiving Party discovers a Document, or part thereof, produced by another party is potentially privileged, the Receiving Party shall within ten (10) days of the discovery of such document notify the Producing Party in writing. Except as set forth in Paragraph 4 of Section II of this Order, the Receiving Party shall not disseminate or further review the Document. If, upon receiving notice of a potentially privileged Document from a Receiving Party, the Producing Party determines that the Document(s) produced, or part thereof, is subject to a privilege or privileges, the Producing Party shall, within ten (10) business days, send to all Receiving Parties, and to any Document Vendor that may possess the document(s), written notice of the claim of privilege ("Privilege Notice"). That a Producing Party, despite good faith efforts, inadvertently fails to send its Privilege Notice to all Receiving Parties or all Document Vendors that may possess the Document(s) shall not cause a waiver so long as the Producing Party corrects any such error within a reasonable time. Nothing in this Order is intended to shift to the Receiving Parties any burden of a Producing Party to identify privileged and protected Documents. For purposes of this protocol, "discover" shall mean "has or should have actual notice;" production of privileged information or Documents alone is insufficient to constitute actual notice. The Receiving Party shall follow these procedures regardless of whether a Document is comprised fully or partially of privileged information.

2.     Other than as set forth in Paragraph 1 of Section II of this Order, if a Producing Party determines that a Document produced, or part thereof, is subject to a privilege or privileges, without first being notified by a Receiving Party, the Producing Party shall promptly give all

3

Receiving Parties, and any Document Vendor that may possess the document(s), a Privilege Notice.

3. All Privilege Notices given pursuant to this Order must contain information sufficient to identify the Document, including a Bates/control number, identification of the privilege asserted, and the basis for the privilege assertion.

4. Upon receiving the Privilege Notice from a Producing Party pursuant to this Order, the Receiving Parties and any Document Vendor(s) must promptly return the specified Document(s) and any copies or destroy the Document(s) and copies, and confirm in writing to the Producing Party that the Document(s) and copies have been returned or destroyed. The Receiving Parties and Document Vendor(s) must destroy any Document, and all notes, reproductions or summaries thereof regardless of whether the Receiving Party plans to challenge the claim of privilege. If a Receiving Party disclosed or disseminated the Document specified in the Privilege Notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it (by contacting the party who received the privileged document), and notify the Producing Party of the disclosure and its efforts to retrieve the Document or information. If a Receiving Party in good faith filed an inadvertently produced privileged Document without discovering it was privileged and before receiving a Privilege Notice pursuant to paragraph 2 of this Order, it shall be the Producing Party's burden to seek from the Court the return or destruction of the Document.

5. Upon receiving a Privilege Notice, no person associated or involved with the Action, other than the Producing Party, shall further review or disseminate the potentially privileged Documents until and unless the privilege claim is resolved in the Receiving Party's favor.

4

6. Upon the Receiving Party providing certification to the Producing Party that the Document(s) and copies have been returned or destroyed, the Producing Party shall promptly produce to all Receiving Parties a privilege log that sets forth the basis for any privilege or protection asserted over the produced information. The privilege log should only reflect documents that have been recalled under the Privilege Notice procedure.

7. If a Receiving Party disagrees with a claim of privilege set forth in a Privilege Notice, it shall notify the Producing Party and provide the basis for disputing the privilege claim in writing. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute. Any disputes regarding inadvertently produced information or the subject matter of this Order shall be resolved pursuant to the "Discovery Dispute" procedure outlined in the Section H of the Scheduling and Discovery Order.

8. Any filing pursuant to this Order must not publicly disclose the information claimed to be privileged and may be filed under seal to the extent necessary to protect such information. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

9. If a Document must be returned or destroyed as determined by the process above, that Document, along with any copies or notes about the Document that exist on back-up tapes, back-up systems, or similar storage, need not be immediately deleted or destroyed, and instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to the material subject to a Privilege Notice on such storage, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

10. Nothing in this section, or elsewhere in this Order, shall limit the bases on which a Receiving Party may challenge the assertion of any privilege or protection by the Producing Party. Further, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of Documents (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. In addition to any other obligation to preserve documents, the Producing Party must preserve any Documents recalled under this Order for the duration of this litigation.

12. The Parties need not log communications involving a party's outside counsel in a privilege log. The Parties also agree that there is no need to log Documents created on or after the filing of the Complaint in this Action.

### III. PROCEDURES FOR CONFIDENTIAL MATERIAL

The procedures applicable to a Document, or any portion thereof, marked "Confidential" shall be as follows:

1. Any party required to produce documents or information, or to provide testimony pursuant to a subpoena or Court Order, may designate as "Confidential" and subject to this Order any things, depositions and deposition exhibits, written discovery responses, testimony, portion(s) of any of these things, and any other information produced, given, or exchanged between any party to this case and any other party or non-parties in the above-referenced action, including a Document, or part of a Document, or information: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data; (b) containing personal/private information; or (c) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, the "Confidential Material").

2.	Any party or other person or entity giving deposition testimony or counsel for a party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof (to the extent not already designated as confidential or protected), as Confidential Material by advising the court reporter and all Parties of such designation during the deposition or by letter to the court reporter and all Parties within 15 calendar days of receipt of the a transcript of the deposition testimony, except in the event that a hearing on related issues is scheduled to occur, or a motion or other court filing is necessary on related issues, before the 15-day period is complete, in which case the 15-day period will be reduced to 3 business days after any party provides notice that such designation is necessary in light of the upcoming hearing or court filing. Deposition testimony and deposition exhibits shall be treated as Confidential Material, as designated, at least until that 15-day period or 3-day period applicable, has expired. Transcripts of deposition testimony designated as Confidential Material shall be marked "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" on each page.

3.	Confidential Material may be used only for purposes of this litigation and shall not be used for any other purpose. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 4 of Section III of this Order, unless the Receiving Party obtains prior written agreement from the Producing Party or this Court orders otherwise.

4.	Confidential Material may only be disclosed to the following individuals under the following conditions:

   a. The Parties to this litigation, their counsel of record, outside counsel, in-house counsel; and all of their respective partners, associates and employees;

b. The parents, affiliates, officers, directors, employees, or agents of the Parties who have a need to know or see the Confidential Material for purposes of this action;

c. The third-party administrators, including program administrators, claim administrators, or underwriting administrators, engaged by the Parties who have a need to know or see the Confidential Material for purposes of this action;

d. The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute the attached "Agreement to be Bound by Stipulated Confidentiality and Protective Order";

e. This Court and this Court's personnel;

f. Any mediator or arbitrator engaged by the Parties to this litigation;

g. During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the Court;

h. The vendors retained by the Parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, demonstrative and audiovisual aid companies, and stenographers;

i. The secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

j. The author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

k. To the extent contractually obligated, any insurer or reinsurer, and the Parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

l. Regulatory authorities if required by such regulatory body; and other persons only after notice to all Parties and upon order of the Court, or upon written consent of the Parties.

5. Designation of any document as "Confidential" must be made before a copy of the document is disclosed or produced. Each page of any document subject to this Order shall be stamped or otherwise affixed with the legend "CONFIDENTIAL" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order. Any confidential designation which is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

6. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial, as exhibits during depositions, or in connection with motions filed with the Court. Further, nothing herein shall be construed to limit any party's ability to object to the admissibility of Confidential Material at trial. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

7. If either party seeks to file any of the Confidential Material with the Court, they shall seek to file such documents under seal pursuant to the Local Rules of this Court.

8. If counsel for a party receiving Confidential Material objects to that designation in whole or in part, counsel shall serve on the designating party a written objection describing with particularity the grounds for objection within twenty-one (21) days of receipt of that material. Counsel for the designating party shall respond to the objection in writing within fourteen (14)

days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days by phone in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. The Parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

9. To the extent consistent with applicable law, the inadvertent disclosure of Confidential Material that should have been designated as such shall not be deemed to waive a party's claim of confidentiality, in whole or in part, as to the material disclosed. Inadvertent disclosures may be rectified by written notification given at any time after disclosure to all Parties receiving it, and such notice shall constitute a designation of the material as Confidential Material under this Order. When information or material is subsequently designated as "Confidential" all Receiving Parties shall in good faith assist the producing party in retrieving such material from all persons to whom they provided such material before it was designated as "Confidential," but who as a result of that subsequent designation are not entitled to possess such material under the terms of this Order, and shall prevent further disclosures except as authorized under the terms of this Order.

10. At the request of a non-party subpoenaed by a party in this action, this Protective Order shall apply to the documents, information, and testimony discovered from that non-party. Following any such request, this Protective Order shall be interpreted to include such subpoenaed non-party so that the subpoenaed non-party receives the protections contemplated by this Protective Order with respect to Confidential Material produced by that non-party.

11. If any party or counsel learns, by inadvertence or otherwise, that Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating party by phone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

12. The following information shall not be considered Confidential Material under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a party as a result of a publication not involving a violation of this Order; (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality. Nothing in this Order shall be construed to alter, modify, or change the definition of "Confidentiality" as it now stands under the law.

13. Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the motion.

**IV.   OTHER MATTERS**

1. The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

2. This Order shall survive the final termination of the case and remains in full force and effect unless modified by Court Order or by written stipulation of the Parties.

**SO ORDERED**, this 11 day of August, 2025.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT